**©COPY**

08 OCT -3 FM 2:12

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Richard D. McCune, Esq. State Bar No. 132124
   rdm@mwtriallawyers.com
2  Jae (Eddie) K. Kim, Esq., State Bar No. 236805
   jkk@mwtriallawyers.com
3  McCUNE & WRIGHT, LLP
   2068 Orange Tree Lane, Suite 216
4  Redlands, California  92374
   Telephone:  (909) 557-1250
5  Facsimile:  (909) 557-1275

6  Attorneys for Plaintiff, Celia Spears-Haymond

7

8

9                    UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11      **C   08        4610**

MHP

| | |
|---|---|
| CELIA SPEARS-HAYMOND, as an individual, and on behalf of all others similarly situated, ) ) ) ) | Case No.: |
| Plaintiffs, ) | COMPLAINT: **CLASS ACTION** |
| v. ) ) | 1.  VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT [CIVIL CODE SECTION 1750, ET SEQ.] |
| WACHOVIA CORPORATION, WACHOVIA BANK, N.A., and DOES 1 through 10 ) ) ) | |
| Defendants. ) ) ) | 2.  VIOLATION OF UNFAIR BUSINESS PRACTICES ACT [BUSINESS & PROFESSIONS CODE SECTION 17200, ET SEQ.] |
| ) ) ) ) | 3.  VIOLATION OF UNFAIR BUSINESS PRACTICES ACT [BUSINESS & PROFESSIONS CODE SECTION 17500, ET SEQ.] |
| ) ) | 4.  FRAUD |
| ) ) | 5.  NEGLIGENT MISREPRESENTATION |
| ) ) | 6.  CONVERSION |
| ) | **DEMAND FOR JURY TRIAL** |

26      Plaintiff CELIA SPEARS-HAYMOND, as an individual, on behalf of herself and all others

27  similarly situated (i.e., the members of the Plaintiff Class described and defined, infra), herein alleges as

28  follows:

-1-

CLASS ACTION COMPLAINT

# I

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005.  The amount-in-controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and there is minimal diversity because certain members of the class are citizens of a different state than any defendant as required by 28 U.S.C., section 1332(d)(2).

2.      Venue as to Defendants is proper in this judicial district because Defendants Wachovia Corporation and Wachovia Bank, N.A. have western headquarters in the City and County of San Francisco and the City of Oakland, and do substantial business in this judicial district and many acts complained of herein occurred in this judicial district.

# II

## GENERAL ALLEGATIONS

3.      This is a civil action primarily seeking from Defendants Wachovia Corporation and Wachovia Bank, N.A., restitution and disgorgement of all profits gained on their practice of improperly assessing customers overdraft charges for insufficient funds on debit/check card purchases and ATM withdrawals, when there was sufficient funds in the account when the purchases and withdrawals were made and approved by Defendants, or when customers' account balance as indicated in statements were inaccurate.  Plaintiff also seeks remedies for Defendants failure to adequately notify Customers of this practice.  Finally, Plaintiff seeks to enjoin Defendants from continuing to conduct such improper activities.  Plaintiff, for herself and all others similarly situated, brings this action pursuant to the Consumer Legal Remedies Act, Civil Code section 1750, *et seq.*; the Unfair Business Practices Act, Business & Professions Code section 17200, *et seq.*; and False Advertising, Business & Professions Code section 17500, *et seq.*, and under California common actions of fraud, negligent misrepresentation, and conversion.

4.      Plaintiff CELIA SPEARS-HAYMOND is a resident of the City of Victorville, California. She entered into her contractual relationship with Wachovia Corporation and Wachovia Bank, N.A. (hereinafter referred to as "Wachovia" or "Defendants") in the County of Riverside, California.

-2-

CLASS ACTION COMPLAINT

5.      Wachovia Corporation is the parent of all Wachovia entities. Wachovia Corporation is a diversified financial services company providing banking, insurance, investments, mortgage banking and consumer finance to individuals, businesses and institutions in all 50 states and internationally. Wachovia is headquartered in Charlotte, North Carolina.

6.      Wachovia Bank, N.A., is a subsidiary or Wachovia Corporation and conducts substantial business in all Counties within the State of California as well as in most other states.

7.      Wachovia's headquarters for the western states are located in the City of San Francisco, California (which houses the personal banking department) and the City of Oakland, California.

8.      Based on information and belief, the decisions relating to implementing the actions complained of originated from Wachovia Corporation before the actions could be implemented, providing Wachovia Corporation authority and control over the actions complained about herein.

9.      The true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to plaintiff, who therefore sues such defendants by such fictitious names. Each of the defendants designated herein as a DOE is legally responsible some manner for the unlawful acts referred to herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the defendants designated herein as DOES when such identities become known.

10.      Based upon information and belief, plaintiff alleges that at all times mentioned herein, each and every defendant was acting as an agent and/or employee of each of the other defendants, and at all times mentioned was acting within the course and scope of said agency and/or employment with the full knowledge, permission and consent of each of the other defendants. In addition, each of the acts and/or omissions of each defendant alleged herein were made known to, and ratified by, each of the other defendants.

### III

### FACTUAL ALLEGATIONS

11.      WACHOVIA is one of this country's largest consumer banking companies servicing millions of individual and business customers nationwide. One of the services provided by WACHOVIA for customers who open a checking account is a check/debit/ATM card. This card allows

CLASS ACTION COMPLAINT

1  customers to access their checking account funds by using the card to conduct transactions.  Whether it

2  is transactions with vendors or using the card to withdraw cash from an ATM machine, the card is

3  processed electronically so that WACHOVIA is aware of the use of the card and has the option to accept

4  or decline transactions at the point of sale.

5  **A. "Re-Ordering" Class Factual Allegations**

6       12.     In 2007, Plaintiff SPEARS-HAYMOND used her debit card to make multiple

7  transactions over a three day period.  Based on information and belief, Defendant WACHOVIA

8  expressly electronically approved these transactions before the transactions were completed.

9       13.     Then all of these transactions that occurred during these days posted a couple of days

10  later in a single day, resulting in her balance going below zero.  But instead of deducting the charges

11  from her balance in the order they occurred, WACHOVIA re-orders the charges from highest charge to

12  lowest charge when deducting the charges from her balance.  The result is that more transactions were

13  processed as overdraft/insufficient funds transactions than would have occurred if the charges were

14  deducted in the order in which the transactions occurred.  As Plaintiff was charged $30 for each

15  overdraft transaction, Plaintiff was charged more overdraft fees than was appropriate.

16       14.     Based on information and belief, the insufficient funds charges incurred by Plaintiff is

17  representative of hundreds of millions of dollars of insufficient overdraft fees that WACHOVIA

18  assessed its customers and automatically deducted from their checking accounts when there were

19  sufficient funds in their accounts at the time of the transaction.  This is an especially egregious wrongful

20  taking of customers' money from their checking accounts because WACHOVIA specifically approved

21  each of these transactions and knew at the time it approved the transaction there was sufficient funds in

22  the account to cover the transaction.

23       15.     Finally, WACHOVIA has failed to provide notice and make customers aware that they

24  can incur insufficient funds overdraft fees on transactions that when made, there was sufficient funds in

25  the account to cover the transaction, and that additional overdrafts will be generated by the bank's

26  practice of re-ordering transactions from highest to lowest, resulting in customers being assessed

27  additional costly overdraft fees.

28

-4-

CLASS ACTION COMPLAINT

**IV**

**CLASS ACTION ALLEGATIONS**

16.     Plaintiff initially proposes that the "Re-Ordering" Class be defined as: all Wachovia California customers from September 19, 2004 to the present who incurred overdraft fees on debit card transactions as a result of the bank's practice of re-sequencing debit card transactions from highest to lowest.

17.     Excluded from this class is any entity in which Defendants have a controlling interest, and officers or directors of Defendant. Plaintiff, and those persons similarly situated as described in the preceding paragraph, may be collectively referred to herein as "The Re-Ordering" Class Plaintiffs.

18.     This action is brought as a class action and may properly be so maintained pursuant to the provisions of the Federal Rules of Civil Procedure 23(a) and 23(b). Plaintiff reserves the right to modify the "Re-Ordering" Class definition and the class period based on the results of discovery.

19.     **Numerosity of the "Re-Ordering" Class** – The members of the "Re-Ordering" Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that there are at least hundreds of thousands of customers in the Class. Since the class members may be identified through business records regularly maintained by Defendants and their employees and agents, and through the media, the number and identities of class members can be ascertained. Members of the Class can be notified of the pending action by e-mail, mail and supplemented by published notice, if necessary;

20.     **Existence and Predominance of Common Question of Fact and Law** – There are questions of law and fact common to the "Re-Ordering" Class. These questions predominate over any questions affecting only individual class members. These common legal and factual issues include, but are not limited to:

        a.   Whether WACHOVIA assessed insufficient overdraft fees for transactions it approved and for which there were sufficient funds in the account at the time of the transaction to cover the cost of the transaction.

        b.   Whether WACHOVIA posted account balances that do not reflect their actual balance, thereby inducing the customers who rely on the inaccurate statement of

CLASS ACTION COMPLAINT

account balance into overdrafting from their account and resulting in being assessed overdraft fees;

c.  Whether WACHOVIA delayed the posting of transactions made by customers using WACHOVIA's debit card, check card or ATM card so that customers are charged overdraft fees on transactions even though the customers had sufficient funds in their account to cover the transactions when the transactions were entered into;

d.  Whether WACHOVIA reordered daily the posting of transactions from largest transactions to smallest, thereby increasing the number of overdraft fees customers are assessed;

e.  Whether WACHOVIA charged an exorbitant overdraft fee that bears to relationship to the actual cost and risk to WACHOVIA of paying an NSF item that it had already assessed;

f.  Whether WACHOVIA failed to disclose to customers each of the above practices;

g.  Whether WACHOVIA failed to disclose to customers that WACHOVIA will approve transactions which result in insufficient funds in the customers' accounts and that WACHOVIA will assess an overdraft fee for each such transaction;

h.  Whether WACHOVIA engaged in deceptive advertising campaigns which create consumer expectations that are inconsistent with each of the above practices;

i.  Whether Defendant WACHOVIA'S conduct as described above constitute violations of the causes of action set forth below.

21.  **Typicality** – The claims of the representative Plaintiff are typical of the claims of the member of either or both of the "Re-Ordering" Class. Plaintiff, like all other members of the Class, has sustained damages arising from Defendants' violations of the laws, as alleged herein. The representative Plaintiff and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by Defendants.

22.  **Adequacy** – The representative Plaintiff will fairly and adequately represent and protect the interests of the Class members and has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the

-6-

1  claims of the representative Plaintiff and the members of the Class that would make class certification

2  inappropriate.  Counsel for the Classes will vigorously assert the claims of all Class members.

3        23.  **Predominance and Superiority** – This suit may be maintained as a class action under

4  Federal Rules of Civil Procedure 23(b)(3) because questions of law and fact common to the Class

5  predominate over the questions affecting only individual members of the Class and a class action is

6  superior to other available means for the fair and efficient adjudication of this dispute.  The damages

7  suffered by individual class members are small compared to the burden and expense of individual

8  prosecution of the complex and extensive litigation needed to address Defendants' conduct.  Further, it

9  would be virtually impossible for the members of the Class to individually redress effectively the

10  wrongs done to them.  Even if class members themselves could afford such individual litigation, the

11  court system could not.  In addition, individualized litigation increases the delay and expense to all

12  parties and to the court system resulting from complex legal and factual issues of the case.

13  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  By

14  contrast, the class action device presents far fewer management difficulties; allows the hearing of claims

15  which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits;

16  and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by

17  a single court.

18        24.  Plaintiff contemplates the eventual issuance of notice to the proposed Class members

19  setting forth the subject and nature of the instant action.  Upon information and belief, Defendants' own

20  business records and electronic media can be utilized for the contemplated notices.  To the extent that

21  any further notices may be required, Plaintiff would contemplate the use of additional media and/or

22  mailings.

23        25.  In addition to meeting the statutory prerequisites to a Class Action, this action is properly

24  maintained as a Class Action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure, in that:

25        a.  Without class certification and determination of declaratory, injunctive, statutory

26  and other legal questions within the class format, prosecution of separate actions by individual members

27  of the Class will create the risk of:

28        i.  Inconsistent or varying adjudications with respect to individual members

CLASS ACTION COMPLAINT

1  of the Class which would establish incompatible standards of conduct for the parties opposing the Class;

2  or

3          ii.    Adjudication with respect to individual members of the Class which would

4  as a practical matter be dispositive of the interests of the other members not parties to the adjudication or

5  substantially impair or impede their ability to protect their interests;

6         b.    The parties opposing the Class have acted or refused to act on grounds generally

7  applicable to each member of the Class, thereby making appropriate final injunctive or corresponding

8  declaratory relief with respect to the Class as a whole; or

9         c.    Common questions of law and fact exist as to the members of the Class and

10  predominate over any questions affecting only individual members, and a Class Action is superior to

11  other available methods of the fair and efficient adjudication of the controversy, including consideration

12  of:

13         i.    The interests of the members of the Class in individually controlling the

14  prosecution or defense of separate actions;

15         ii.    The extent and nature of any litigation concerning controversy already

16  commenced by or against members of the Class;

17         iii.    The desirability or undesirability of concentrating the litigation of the

18  claims in the particular forum;

19         iv.    The difficulties likely to be encountered in the management of a Class

20  Action.

21  **FIRST CAUSE OF ACTION**

22  **Violation of Civil Code Section 1750 *et seq.* – Consumers Legal Remedies Act**

23  **(Against all Defendants)**

24     26.    Plaintiff incorporates by reference and re-allege all paragraphs previously alleged herein.

25     27.    Defendants provide "services" within the meaning of Civil Code sections 1761(a),

26  1761(b) and 1770.

27     28.    Each defendant is a "person" within the meaning of Civil Code sections 1761(c) and

28  1770.

-8-

29.     Purchasers of Defendants' services, including plaintiffs and other members of the Classes, are "consumers" within the meaning of Civil Code sections 1761(d) and 1770.

30.     Plaintiff's and each and every Class members' purchase of the services sold by defendants constitutes a "transaction" within the meaning of Civil Code section 1761(d) and 1770.

31.     The policies, acts and practices of defendants as described above were intended to result in the sale of services to Plaintiff and the "Re-Ordering" Class members. These actions violated, and continue to violate the Consumers Legal Remedies Act in at least the following aspects:

a.     In violation of Civil Code section 1770(a)(5) and (14), Defendants make deceptive representations in connection with the services in question;

b.     In violation of Civil Code section 1770(a)(5), Defendants represent that their services have characteristics, uses, or benefits which they do not have;

c.     In violation of Civil Code section 1770(a)(5) and (14), Defendants advertise services without the intent to sell them as advertised;

d.     In violation of Civil Code section 1770(a)(14), Defendants represent that their services confer or involve rights, remedies or obligations which they do not have, or which are prohibited by law.

e.     In violation of Civil Code section 1770(a)(19), inserting an unconscionable provision in a contract.

32.     As a result of Defendants' action, Plaintiff and members of the Classes have incurred damages in the form of insufficient funds overdraft fees being assessed and automatically withdrawn from their checking account.

33.     On December 5, 2007, Plaintiff Celia Spears-Haymond notified Defendants of the unlawful acts and practices described above by written notice. (Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff Celia Spears-Haymond's Notice of Intent to Bring an Action for Damages Under the Consumer Legal Remedies Act (Civil Code Sections 1750-1784)). On January 28, 2008, Defendants responded by requesting clarification on the issues mentioned in the notice. On February 7, 2008, Plaintiff sent Defendants a Supplemental Notice of Intent to Bring an Action for Damages Under the Consumer Legal Remedies Act. (Attached hereto as Exhibit 2 is a true and correct copy of this

CLASS ACTION COMPLAINT

1    Supplemental Notice.)   Pursuant to California Civil Code section 1782(b), Defendants were required to

2    respond to plaintiff's notice and demand letter within 30 days of its receipt by either correcting,

3    repairing, replacing, or rectifying the violation set forth in the notice and demand or by agreeing to

4    correct, repair, replace, or rectify the violation within a reasonable time.

5       34.    Despite the demand, Defendants have failed to offer an appropriate correction or remedy

6    for each of the issues raised herein.  Therefore, Plaintiff brings this action pursuant to Civil Code

7    sections 1780 and 1781 and seeks compensatory and punitive damages, restitution and injunctive relief

8    hereunder in the form of an order enjoining Defendants from continuing to engage in the practices

9    alleged herein.  Furthermore, the above-described acts and practices committed by Defendants are in

10   violation of Civil Code section 1780(b) and 3345, entitling Plaintiff and other Class members to

11   damages and/or $5,000 per person, to the extent that such members of the Class are disabled persons

12   within the meaning of Civil Code section 1761(f) and (g).

**SECOND CAUSE OF ACTION**

**Violation of Business And Professions Code Section 17200 *et seq*. – Unlawful, Fraudulent, and**

**Unfair Business Act and Practices**

**(Against all Defendants)**

17      35.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged

18   herein.

19      36.    Defendants' acts and practices as described herein constitute unlawful, fraudulent, and

20   unfair business acts and practices, in that (1) Defendants' practices, as described herein, violate each of

21   the statutes set forth within this Complaint, and/or (2) the justification for Defendants' conduct is

22   outweighed by the gravity of the consequences to Plaintiff and members of the Class, and/or (3)

23   Defendants' conduct is immoral, unethical, oppressive, unscrupulous, unconscionable or substantially

24   injurious to Plaintiff and members of the Class, and/or (4) the uniform conduct of Defendants has a

25   tendency to deceive Plaintiff and the members of the Class.

26      37.    Defendants' unlawful, unfair and fraudulent business acts and practices are described

27   herein and include, but are not limited to, wrongfully directly taking insufficient overdraft fees from

28   customers' checking accounts for transactions as a result of reordering the posting of transactions from

CLASS ACTION COMPLAINT

1  highest charge to lowest and failing to provide reasonable notice of these practices; and misrepresenting

2  and falsely advertising the accuracy and reliability of the available balance or account balance in

3  publications of customers' checking account information.

4       38.     In addition to the above, the conduct as alleged throughout the complaint constitutes

5  breach of contract, negligent misrepresentation, fraud, and conversion that not only result in liability as

6  individual causes of action, they provide the basis for a finding of liability under Business and

7  Professions Code Section 17200 et seq.

8       39.     Plaintiffs, and each of them, have been damaged by said practices.

9       40.     The conduct of Defendants as described herein violates Business and Professions Code

10  section 17200 *et seq.*, and other similar state unfair competition and unlawful business practices statutes.

11       41.     Pursuant to Business and Professions Code sections 17200 and 17203, Plaintiff, on behalf

12  of herself and all others similarly situated, seeks relief as prayed for below.

**THIRD CAUSE OF ACTION**

**Violation of Business and Professions Code Section 17500 *et seq.* – False Advertising**

**(Against all Defendants)**

16       42.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged

17  herein.

18       43.     The standardized practice and advertisements regarding the practice were uniformly

19  applied to Plaintiff and the class members.

20       44.     As a result, Plaintiff relied on the advertisements and were damaged as a result by

21  incurring overdraft charges they otherwise would not have incurred.

22       45.     Plaintiff, on behalf of herself and Class, seek relief as prayed for below.

**FOURTH CAUSE OF ACTION**

**Fraud**

**(Against all Defendants)**

26       46.     Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged

27  herein.

28       47.     The misrepresentations, nondisclosure and/or concealment of material facts made by

-11-

1    Defendants to Plaintiff and the members of the Class, as set forth above, were known by Defendants to

2    be false and material and were intended by the Defendants to mislead Plaintiff and the members of the

3    Class.

4        48.    That the Plaintiff and the Class were actually misled and deceived and were induced by

5    WACHOVIA to incur overdraft charges they otherwise would not have incurred.

6        49.    As a result of the conduct of Defendants, Plaintiff and the Class members have been

7    damaged by having incurred unwarranted overdraft fees assessed and taken from their checking account.

8    In addition to such damages, Plaintiff seeks punitive or exemplary damages pursuant to Civil Code

9    section 3294 in that Defendants engaged in "an intentional misrepresentation, deceit, or concealment of

10   a material fact known to the defendant[s] with the intention on the part of the defendant[s] of thereby

11   depriving a person of property or legal rights or otherwise causing injury."

12                                **FIFTH CAUSE OF ACTION**

13                                **Negligent Misrepresentation**

14                                **(Against all Defendants)**

15       50.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged

16   herein.

17       51.    That Defendants had a duty to provide honest and accurate information to its customers

18   to avoid those customers from incurring expensive and unnecessary overdraft charges.

19       52.    Defendants specifically and expressly indicated to class members that Wachovia's

20   customers' checking account balance that are published online, by phone, by ATM machines, and in-

21   store inquiries are accurate and reliable, when in fact they are inaccurate and unreliable.

22       53.    Such misrepresentations were and are made by WACHOVIA through the use of the

23   identifying term "account balance" in the various methods in which customers may access their

24   checking account information, when in fact such information is not what it purport to be, and through

25   the various marketing materials and the customer agreement contracts.

26       54.    Defendants knew or in the exercise of reasonable diligence should have known, that the

27   ordinary consumer and customer of Defendants' products would understand Defendants' representations

28   concerning the term "account balance" as being what they purport to be – the actual available balance at

-12-

CLASS ACTION COMPLAINT

1  the time of the inquiry.  Defendants also knew or in the exercise of reasonable diligence should have

2  known, that the ordinary consumer and customer of Defendants' products would understand the

3  marketing materials and the terms of the customers agreement contracts set forth in this Complaint as

4  indicating that the published "account balance" is accurate and reliable.  Any other understanding on the

5  part of consumers would not be reasonable given Defendants' representations.

6      55.    Plaintiff and the Class members justifiably relied on Defendants' misrepresentation as to

7  their available balance and engaged in debit transactions or ATM withdrawals which were within the

8  limits of their published "balance," yet were assessed overdraft fees.

9      56.    As a result of the conduct of Defendants, Plaintiff and the Class Members have been

10  damaged by having relied on Defendants' misrepresentations as to their available balance and have

11  incurred unwarranted overdraft fees.

12      57.    In addition, by representing and posting pending charges to online accounts in real time,

13  and then including those charges to provide available balance, WACHOVIA represented to Class

14  Members that overdraft fees would not be charged for transactions that were less than the balance in the

15  account at the time the transaction took place.

16      58.    Those representations were false as Defendants did assess and automatically deduct

17  overdraft fees from customers account even though there was funds available to cover the transaction at

18  the time of the transaction.

19      59.    Defendants knew or in the exercise of reasonable diligence should have known, thAT

20  Plaintiff and ordinary customers would rely on those representations.

21      60.    That Plaintiff and the Class Members did reasonably rely on those representations.

22      61.    As a result, Plaintiff and the Class Members have been damaged by being assessed

23  expensive and unnecessary overdraft fees.

24  **SIXTH CAUSE OF ACTION**

25  **Conversion**

26  **(Against all Defendants)**

27      62.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged

28  herein.

63.     Plaintiff and the Class members own and have the right to possess the money that is in their checking accounts.

64.     Defendants interfered with Plaintiff's and the Class members' possession of this money by wrongfully taking directly from their checking accounts overdraft fees after check card and debit card transactions or ATM withdrawals, despite the fact that Plaintiff and Class members had sufficient funds in their accounts to cover these transactions at the time they were made.

65.     Plaintiff and the Class members never consented to Defendants directly taking overdraft fees from their checking accounts as a result of debit card transactions or ATM withdrawals when there were sufficient funds in their accounts to cover these transactions at the time they were made or when the overdraft was directly created as a result of Defendants' practice of re-ordering the posting of transactions from highest charge to lowest.

66.     Plaintiff and the Class members have been damaged by Defendants' wrongful taking of overdraft fees from their checking accounts in an amount that is capable of identification through Defendants' records.

//

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on their own behalf and on behalf of the "Re-Ordering" Class, pray for relief as follows:

A.      For an order certifying the "Re-Ordering" Class and appointing Plaintiff and her counsel to represent the "Re-Ordering" Class;

B.      For an order awarding Plaintiff and the "Re-Ordering" Class restitution and/or disgorgement and other equitable relief as the Court deems proper;

C.      For an order awarding Plaintiff and the "Re-Ordering" Class punitive damages as to the appropriate cause of action;

D.      For an order enjoining Defendants:

    1.      under Civil Code sections 1780(a)(2) and 1781(a) from continuing to use, employ, or undertake unfair methods of competition, acts and practices, or any of them, which are violative of that statute as alleged herein;

-14-

2.   under Business and Professions Code section 17203 from continuing to engage in business acts and practices, or any of them, which are unlawful, unfair, or fraudulent, as alleged herein; and

3.   under Business and Professions Code section 17535 from continuing to engage in the dissemination of advertisements which are untrue or misleading, alleged herein;

E.   For an order mandating that Defendants engage in a corrective advertising campaign to correct the misperceptions Defendants' conduct created;

F.   For an order awarding Plaintiff and the "Re-Ordering" Class pre-judgment and post-judgment interest, as well as reasonable attorneys' and expert-witness fees and other costs pursuant to the Consumers Legal Remedies Act, Civil Code section 1750 *et seq.*, Code of Civil Procedure section 1021.5, and other statutes as may be applicable; and

G.   For an order awarding such other and further relief as this Court may deem just and proper.

DATED: September 22, 2008                          McCUNE & WRIGHT, LLP

By: _____
Richard D. McCune
Attorney for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiff, and all others similarly situated, hereby demands a trial by jury herein.

DATED: September 22, 2008                          McCUNE & WRIGHT, LLP

By: _____
Richard D. McCune
Attorney for Plaintiffs

CLASS ACTION COMPLAINT

# EXHIBIT "1"

1    Richard D. McCune (California SBN 132124)
     rdm@mwtriallawyers.com
2    McCUNE & WRIGHT
     2068 Orange Tree Lane, Suite 216
3    Redlands, CA 92374
     Telephone:  (909) 557-1250
4    Facsimile:  (909) 557-1275

5    Attorneys for Claimant

6

7

8

9

10    **CELIA SPEARS-HAYMOND,**          )   **NOTICE OF INTENT TO BRING AN**
                                          )   **ACTION FOR DAMAGES UNDER THE**
11       as an individual and on behalf of all others   )   **CONSUMER LEGAL REMEDIES ACT**
                                          )   ~~**(Civil Code Sections 1750-1784)**~~
12    similarly situated,                              )
                                          )
13                Claimant.           )

14

15      1.   <u>**NOTICE TO BE SENT TO:**</u>

16        **Attn:  Legal Department**
        **Wachovia Corporation**
17        **301 South College Street**
        **One Wachovia Center**
18        **Charlotte, North Carolina  98288**

19

20        **Attn:  Legal Department**
        **Wachovia Bank, N.A.**
21        **301 S. College Street**
        **One Wachovia Center**
22        **Charlotte, North Carolina  98288**

23      2.   <u>**ENTITY ALLEGED TO HAVE VIOLATED THE CONSUMER LEGAL REMEDIES**</u>
24         <u>**ACT (CLRA):**</u>

25        Wachovia Corporation and Wachovia Bank, N.A.. (hereinafter "Wachovia")

26      3.   <u>**APPROXIMATE NUMBER OF AFFECTED WACHOVIA CUSTOMERS:**</u>

27        Precise number unknown, but it is believed the number of affected U.S. customers is over 1

28    million.

4. **SPECIFIC SECTION(S) OF CLRA VIOLATION BY WACHOVIA:**

   Civil Code §1770:

   (5)  Representing that goods or services have sponsorship, approval, characteristics,
        ingredients, uses, benefits, or quantities which they do not have…

   (14) Representing that a transaction confers or involves rights, remedies, or obligations
        which it does not have or involve, or which are prohibited by law.

   (19) Inserting an unconscionable provision in a contract.

5. **FACTS SUPPORTING VIOLATION OF CIVIL CODE §1770:**

   Claimant is a California Wachovia customer that contends that WACHOVIA has a practice of charging insufficient overdraft fees for debit/check/ATM card transactions that WACHOVIA approved and which it knew that at the time of the transaction there were sufficient funds in the account to cover the transaction.  It does this by delaying and manipulating the order of posting of these transactions in order to charge insufficient overdraft fees to customers that otherwise had sufficient funds to over the transaction except for the manipulation of the posting of the transactions.  WACHOVIA further has a practice of approving debit/credit/ATM transactions, and charging overdraft fees when it knows that customers do not have sufficient funds to cover the transaction at the time it approved the transaction.  WACHOVIA knows that customers expect that like credit cards, transactions will not be approved where there are insufficient funds, yet WACHOVIA fails to provide this information to customers in any meaningful way   To the extent these practices may be deemed legal WACHOVIA has failed to properly disclose these practices to customers.  Finally, these practices and failure to disclose are inconsistent with WACHOVIA's advertising campaigns.

   Combined with charging an exorbitant fee per NSF charge that bears no relationship to the actual cost and risk to WACHOVIA of paying a NSF item that it had already approved, this scheme has become an illegal and undisclosed profit center for WACHOVIA.  To the extent this practice is legal with proper disclosure; WACHOVIA has failed to adequately disclose this practice to its customers.

   Accordingly, WACHOVIA'S practices are in violation of **Civil Code §1700(a)(5),(14) and (19).**

///

///

NOTICE OF INTENT TO BRING AN ACTION FOR DAMAGES UNDER THE CONSUMER LEGAL REMEDIES ACT

EXHIBIT "1"

6. **DEMAND**:

Claimant demands on behalf of the proposed class, that WACHOVIA immediately cease its unfair practices as outlined above. In addition, it is demanded that WACHOVIA immediately determine the number and amount of overdraft fees created that have been improperly charged to customers, and agree to reimburse both her and the other affected customers, the overdraft fees plus interest and attorney fees.

DATED: December 5, 2007.                    McCUNE & WRIGHT

By: _____
                    Richard D. McCune
                    Attorney for Claimant

NOTICE OF INTENT TO BRING AN ACTION FOR DAMAGES UNDER THE CONSUMER LEGAL REMEDIES ACT

EXHIBIT "1"

1          PROOF OF SERVICE

2   STATE OF CALIFORNIA
    COUNTY OF SAN BERNARDINO
3

4          I am employed in the County of San Bernardino, State of California.  I am over the age of 18
5   years and not a party to the within action; my business address is 2068 Orange Tree Lane, Suite 216,
    Redlands, California, 92374.
6

7          On December 5, 2007, I served the foregoing document described as **NOTICE OF INTENT
    TO BRING AN ACTION FOR DAMAGES UNDER THE CONSUMER LEGAL REMEDIES
8   ACT** on the interested parties through their respective attorneys of record in this action, by placing a ☐
    true copy or ☒ original thereof enclosed in sealed envelopes addressed as follows:
9

10         **Attn:  Legal Department**
           **Wachovia Corporation**
11         **301 S. College Street**
           **One Wachovia Center**
12         **Charlotte, North Carolina  98288**

13
           **Attn:  Legal Department**
14         **Wachovia Bank, N.A.**
           **301 S. College Street**
15         **One Wachovia Center**
           **Charlotte, North Carolina  98288**
16

17  **METHOD OF SERVICE PURSUANT TO CCP SECTION 1013:**

18  [  ]   **(BY MAIL)**   I am readily familiar with the firm's business practice for collection and processing
19                 of correspondence for mailing.  Under that practice, I caused such envelopes with
                   postage thereon fully prepaid to be placed in the United States mail at Redlands,
20                 California.

21  [  ]   **(BY FACSIMILE)**   I caused such documents to be transmitted by facsimile to the offices of
22                 the addressee(s) to the facsimile number(s) listed above.

23  [  ]   **(BY PERSONAL SERVICE)** I caused such envelope(s) to be delivered by hand to the offices
24                 of the addressee(s).

25  [X]   **(BY OVERNIGHT DELIVERY)** I caused such document to be delivered by overnight delivery
                   to the offices of the addressee(s).
26

27         I declare under penalty of perjury under the laws of the State of California that the above is true
    and correct.  Executed on the above-referenced date at Redlands, California.
28
                                                  _____
                                                  Ann Marie Smith

# EXHIBIT "2"

1 | Richard D. McCune (California SBN 132124)
rdm@mwtriallawyers.com
2 | McCUNE & WRIGHT, LLP
2068 Orange Tree Lane, Suite 216
3 | Redlands, California  92374
Telephone:  (909) 557-1250
4 | Facsimile:  (909) 557-1275

5

Attorneys for Claimant

6

7

8

CELIA SPEARS-HAYMOND,                    )   SUPPLMENTAL NOTICE OF INTENT TO
9 |                                       )   BRING AN ACTION FOR DAMAGES
         as an individual and on behalf of all others )   UNDER THE CONSUMER LEGAL
10 |                                      )   REMEDIES ACT   (Civil Code Sections 1750-
similarly situated,                       )   1784)
11 |                                      )
                           Claimant.      )
12 |                                      )

13 | _____

14 |    1.  **NOTICE TO BE SENT TO:**

15 |        **Attn:  Legal Department**
           **Wachovia Corporation**
16 |        **301 South College Street**
           **One Wachovia Center**
17 |        **Charlotte, North Carolina  98288**

18

19 |        **Attn:  Legal Department**
           **Wachovia Bank, N.A.**
20 |        **301 S. College Street**
           **One Wachovia Center**
21 |        **Charlotte, North Carolina  98288**

22 |    2.  **ENTITY ALLEGED TO HAVE VIOLATED THE CONSUMER LEGAL REMEDIES**
23 |        **ACT (CLRA):**

24 |        Wachovia Corporation and Wachovia Bank, N.A.. (hereinafter "Wachovia")

25 |    3.  **APPROXIMATE NUMBER OF AFFECTED WACHOVIA CUSTOMERS:**

26 |        Precise number unknown, but it is believed the number of affected U.S. customers is over 1

27 | million.

28

-1-
SUPPLMENTAL NOTICE OF INTENT TO BRING AN ACTION FOR DAMAGES UNDER THE CONSUMER LEGAL
REMEDIES ACT

EXHIBIT "2"

**4. SPECIFIC SECTION(S) OF CLRA VIOLATION BY WACHOVIA:**

**Civil Code §1770:**

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have...

(14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

(19) Inserting an unconscionable provision in a contract.

**5. FACTS SUPPORTING VIOLATION OF CIVIL CODE §1770:**

Claimant is a California Wachovia customer that contends that WACHOVIA has a practice of charging insufficient overdraft fees for debit card, check card and ATM card transactions that WACHOVIA approved and which it knew that at the time of the transaction there were sufficient funds in the account to cover the transaction. Specifically, WACHOVIA's practices complained of include:

- Charging overdraft fees for purchases made by customers even though the customers actually had sufficient funds in their account to cover the purchase;

- Posting account balances in customers' online account statements that do not reflect their actual balance, thereby inducing the customers who rely on the inaccurate statement of account balance into over drafting from their account and resulting in being assessed overdraft fees;

- Delaying the posting of transactions made by customers using WACHOVIA's debit card, check card or ATM card so that customers are charged overdraft fees on transactions even though the customers had sufficient funds in their account to cover the transactions when the transactions were entered into;

- Daily reordering of the posting of transactions from largest transactions to smallest, thereby increasing the number of overdraft fees customers are assessed;

- Charging an exorbitant fee per NSF charge that bears no relationship to the actual cost and risk to WACHOVIA of paying an NSF item that it had already approved;

- Failing to disclose to customers each of the above practices;

//

//

-2-

EXHIBIT "2"

1      •   Failing to disclose to customers that WACHOVIA will approve transactions which result in

2         insufficient funds in the customers' accounts and that WACHOVIA will assess an overdraft fee

3         for each such transaction; and

4      •   Engaging in deceptive advertising campaigns which create consumer expectations that are

5         inconsistent with each of the above practices.

6   These practices constitute a scheme that has become an illegal and undisclosed profit center for

7   WACHOVIA.  To the extent this practice is legal with proper disclosure, WACHOVIA has failed to

8   adequately disclose this practice to its customers.

9         Accordingly, WACHOVIA'S practices are in violation of **Civil Code §1700(a)(5),(14) and (19).**

10     **6.  DEMAND:**

11        Claimant demands on behalf of the proposed class, that WACHOVIA immediately cease its

12  unfair practices as outlined above.  In addition, it is demanded that WACHOVIA immediately determine

13  the number and amount of overdraft fees created that have been improperly charged to customers, and

14  agree to reimburse both her and the other affected customers, the overdraft fees plus interest and

15  attorney fees.

16

17        DATED:  February 7, 2008.             McCUNE & WRIGHT

18

19                            By:

20                              Richard D. McCune

                                Attorney for Claimant

21

22

23

24

25

26

27

28

SUPPLMENTAL NOTICE OF INTENT TO BRING AN ACTION FOR DAMAGES UNDER THE CONSUMER LEGAL
REMEDIES ACT

1

PROOF OF SERVICE

2    STATE OF CALIFORNIA
     COUNTY OF SAN BERNARDINO
3

4         I am employed in the County of San Bernardino, State of California.  I am over the age of 18
     years and not a party to the within action; my business address is 2068 Orange Tree Lane, Suite 216,
5    Redlands, California, 92374.

6         On February 7, 2008, I served the foregoing document described as **SUPPLEMENTAL
7    NOTICE OF INTENT TO BRING AN ACTION FOR DAMAGES UNDER THE CONSUMER
     LEGAL REMEDIES ACT** on the interested parties through their respective attorneys of record in this
8    action, by placing a ☒ true copy or ☐ original thereof enclosed in sealed envelopes addressed as
     follows:
9

10        **Attn:  Legal Department
          Wachovia Corporation**
11        **301 S. College Street**
12        **One Wachovia Center
          Charlotte, North Carolina  98288**
13

14        **Attn:  Legal Department
          Wachovia Bank, N.A.**
15        **301 S. College Street
          One Wachovia Center**
16        **Charlotte, North Carolina  98288**

17   **METHOD OF SERVICE:**

18
     [X]    **(BY MAIL)**    I am readily familiar with the firm's business practice for collection and processing
19                           of correspondence for mailing.  Under that practice, I caused such envelopes with
                             postage thereon fully prepaid to be placed in the United States mail at Redlands,
20                           California.

21
     [X]    **(BY FACSIMILE)**    I caused such documents to be transmitted by facsimile to the offices of
22                                the addressee(s) to the facsimile number(s) listed above.

23
     [ ]    **(BY PERSONAL SERVICE)**  I caused such envelope(s) to be delivered by hand to the offices
24                                     of the addressee(s).

25   [ ]    **(BY OVERNIGHT DELIVERY)**  I caused such document to be delivered by overnight delivery
26                                       to the offices of the addressee(s).

27        I declare under penalty of perjury under the laws of the State of California that the above is true
     and correct.  Executed on the above-referenced date at Redlands, California.
28

                                                                    _____
                                                                    Ann Marie Smith